IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARNE ROSS ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No.: |
| vs. ) | |
| ) | |
| GIBBS TECHNOLOGY COMPANY; & ) ADAM R. PROFFER ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff Charne Ross (hereinafter referred to as "Plaintiff") by and through her attorneys' of record and for her cause of action against Defendant, Gibbs Technology Company (hereinafter referred to as "Defendant Gibbs Technology") and Defendant Adam R. Proffer (hereinafter referred to as "Defendant Proffer") and states to this Honorable Court as follows:

## GENERAL ALLEGATIONS

1. Plaintiff is now and at all times alleged herein domiciled citizen of the State of Illinois.

2. Defendant Gibbs Technology is a foreign limited liability company which has its principal place of business and is organized in, the State of Missouri.

3. Defendant Gibbs Technology may be properly served through its officer and registered agent, Hallie H. Gibbs at 3225-A Emerald Lane, Jefferson City, Missouri 65109.

4. Defendant Proffer is an individual, citizen, and resident of the State of Missouri.

5. Defendant Proffer may be served at his domicile located at 764 Trago Creek Drive, Ballwin, Missouri 63021.

1

6. Pursuant to 28 U.S.C. § 1332 both Defendants are a citizens of the State of Missouri.

7. This Court has jurisdiction pursuant 28 U.S.C. 1332 (diversity of citizenship jurisdiction) since Plaintiff is a citizen of the State of Illinois and Defendant Gibbs Technology, is a Missouri corporation with its principal place of business in the State of Missouri and Defendant Proffer is a citizen of the State of Missouri (thus total diversity citizenship exist) and the amount in controversy exceeds $75,000.00, exclusive of interest and cost.

8. Venue is proper with this Court since the incident alleged herein occurred in East St. Louis, St. Clair County, State of Illinois.

9. Defendant is now and was at the time of the crash alleged herein doing business as Gibbs Technology Company.

10. Defendant Gibbs Technology currently and at the time of the crash alleged below is and was in the business of transporting various loads and services in interstate commerce.

11. On or about August 20, 2018, and at all times alleged herein, Defendant Proffer was operating a 2017 Mercedes Benz Metris (VIN#WD3PG2EA9H3208227) (hereinafter "Mercedes") in his course and scope of employment with Defendant Gibbs Technology.

12. At the time of the motor vehicle crash alleged herein, the Mercedes at issue were being operated by Defendant Gibbs Technology, through its agent, servant, and/or employee Defendant Proffer.

13. At the time of this crash and at all times herein mentioned, Defendant Proffer, was Defendant Gibbs Technology's agent, servant, and employee and as such Defendant Gibbs Technology, is vicariously liable for the conduct of Defendant Proffer on August 20, 2018.

14. As a corporation, Defendant Gibbs Technology acts through its officers, agents, servants, and/or employees. As such, any acts or omissions of an officer, agent, servant, and/or employee, made while acting in the scope of authority delegated by the corporation, or within the scope of the duties of said employee, is the act or omission of the Defendant Gibbs Technology.

15. At all times herein mentioned, Defendant Gibbs Technology owned, operated, maintained, managed, and controlled the Mercedes by and through Defendant Proffer.

16. On or about August 20, 2018, at approximately 9:24 a.m. Plaintiff, was operating a 2003 Chrysler Sebring sedan (hereinafter referred to as "Chrysler") following the rules of the road.

17. At the above stated date, Plaintiff, was traveling on northbound in the 600 block of N. 10th Street in East St. Louis, Illinois in the left lane.

18. At the above stated date, Defendant Proffer was operating the Mercedes on behalf of Defendant Gibbs Technology on northbound in the 600 block of N. 10th Street in East St. Louis, Illinois in the right lane.

19. At the above stated date, time, and location Defendant Proffer failed to maintain his lane, entered Plaintiff's lane, and struck Plaintiff's vehicle.

20. Defendant Proffer failed to maintain his lane, failed to keep a careful lookout, drove while distracted, was using a cell phone while operating a commercial vehicle, and caused the collision with Plaintiff on August 20, 2018 on the 600 block of N. 10th Street in East St. Louis, Illinois.

21. That the 600 block of N. 10th Street in East St. Louis, Illinois described above is open and thoroughfare in the State of Illinois.

22. As a direct and proximate result of Defendants conduct, Plaintiff suffered and continues to suffer permanent and disabling injuries as stated herein.

23. The negligent conduct of Defendant Gibbs Technology and its agent, servant, and employee Defendant Proffer as described herein, directly and proximately, caused or contributed to cause injuries to Plaintiff which includes severe injuries to her head, her neck/cervical spine, her low back/lumbar spine, as well as the muscles, ligaments, nerves, and disks attached thereto.

24. Plaintiff's injuries are painful, permanent and disabling.

25. As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendants, Plaintiff has incurred past medical bills.

26. As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendants, Plaintiff will incur medical bills in the future.

27. As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendants, Plaintiff has incurred past pain, suffering, loss of a normal life, and will have future pain, suffering, and loss of a normal life.

28. As a proximate result of Defendants' negligence, Plaintiff is more susceptible and at increased risk of further harm to her head, her neck/cervical spine, her low back/lumbar spine, as well as the muscles, ligaments, nerves, and disks attached thereto.

## COUNT I
## NEGLIGENCE AGAINST
## DEFENDANT GIBBS TECHNOLOGY COMPANY

COMES NOW Plaintiff and for Count I of her Complaint against Defendant Gibbs Technology Company and repeats, incorporates by reference, and re-alleges each and every paragraph and sub-paragraph set forth above in the Facts Common to All Counts paragraphs 1-28 as if they were set forth verbatim herein at length and further states:

4

29. At the time of this crash, and at all times herein mentioned, Defendant Proffer was acting in the course and scope of his employment with Defendant Gibbs Technology, as a agent, servant, and employee, and/or at the direction and control of Defendant Gibbs Technology. Thus, Defendant Gibbs Technology is vicariously liable for the actions of Defendant Proffer as alleged herein.

30. That at the time of this crash alleged above, Defendant Proffer was an agent, servant and employee under the control, right of control, joint and mutual control, or joint and mutual right of control of Defendant Gibbs Technology, and all of the acts of negligence on the part of Defendant Proffer were committed within the course and scope of his agency and employment with and/or for Defendant Gibbs Technology.

34. At the time of the motor vehicle crash alleged herein, Defendant Gibbs Technology, through its agents, servants, and employees including but not limited to Defendant Proffer, negligently operated the said motor vehicle and caused this incident on the above stated date and time by:

a) Failing to ensure that they had adequate line-of-sight of other vehicles;

b) Failing to keep a proper lookout;

c) Failing to maintain his lane;

d) Failed to yield;

e) Drove while distracted;

f) Failing to take proper remedial action which could have avoided this collision or minimized the impact;

g) Driving at an, unsafe, excessive and dangerous rate of speed under the circumstances;

h) Operating said motor vehicle without adequate training and experience;

i) Failing to have said motor vehicle under proper control;

j) Driving while tired and/or fatigued;

k) Drove while distracted as said driver was using a cellular phone and/or GPS device;

l) Failed to stop or slow said motor vehicle before striking Plaintiff's motor vehicle; and

m) Failed to operate the vehicle with ordinary care under the circumstances.

35. On or about the time of the crash, there was in force in the State of Illinois at the time of the crash a certain statute 625 ILCS 5/12-610(b) which provides in pertinent part:

"A person may not operate a motor vehicle on a roadway while using an electronic communication device."

36. Defendant Proffer while in the course and scope of his employment with Defendant Gibbs Technology violated said statute when he used a cell phone while operating the Mercedes at the time of the crash.

37. On or about the time of the crash, there was in force in the State of Illinois at the time of the crash a certain statute 625 ILCS 5/11-709 which provides in pertinent part:

"Whenever any roadway has been divided into 2 or more clearly marked lanes for traffic the following rules in addition to all others consistent herewith shall apply. (a) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."

38. Defendant Proffer while in the course and scope of his employment with Defendant Gibbs Technology violated said statute when he allowed the Mercedes to leave his lane and enter Plaintiff's lane without looking to see if the lane change could have been made safely.

6

39. Each negligent act or omission by Defendants each of them, as described in the above paragraphs and the below paragraphs, acting separately or in combination, was a direct and proximate cause of the crash in question and the resulting injuries and damages to Plaintiff as alleged herein.

40. As a direct and proximate result of the negligence and actions of Defendants, either solely, individually, or jointly, severally and in combination with the negligence of each other, as set forth and alleged herein and hereinafter, Plaintiff was seriously injured and damaged as described herein and will sustain damages in the future.

WHEREFORE Plaintiff prays for judgment against the Defendants jointly and severally in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiff for injuries and damages together with the costs, interest, and for such other relief this Court deems just and proper under the circumstances.

## COUNT II
## NEGLIGENCE AGAINST
## DEFENDANT ADAM R. PROFFER

COMES NOW Plaintiff and for Count II of this Complaint against Defendant Proffer and repeats, incorporates by reference, and re-alleges each and every paragraph and sub-paragraph set forth herein as if they were set forth verbatim herein at length and further states:

41. At the time of this crash, and at all times herein mentioned, Defendant Proffer was acting in the course and scope of his employment with Defendant Gibbs Technology, as driver, agent, servant, and employee of the Defendant Gibbs Technology.

42. That at the time of this crash alleged above, Defendant Proffer was an agent, servant and employee under the control, right of control, joint and mutual control, or joint and mutual right of control of Defendant Gibbs Technology, and all of the acts of negligence on the part of Defendant Proffer were committed within the course and scope of his agency and employment with and for Defendant Gibbs Technology.

43. At the time of the motor vehicle crash alleged herein Defendant Proffer negligently operated said motor vehicle that caused this incident on the above stated date and time by:

a) Failing to ensure that they had adequate line-of-sight of other vehicles;

b) Failing to keep a proper lookout;

c) Failing to maintain his lane;

d) Failed to yield;

e) Drove while distracted;

f) Failing to take proper remedial action which could have avoided this collision or minimized the impact;

g) Driving at an, unsafe, excessive and dangerous rate of speed under the circumstances;

h) Operating said motor vehicle without adequate training and experience;

i) Failing to have said motor vehicle under proper control;

j) Driving while tired and/or fatigued;

k) Drove while distracted as said driver was using a cellular phone and/or GPS device;

l) Failed to stop or slow said motor vehicle before striking Plaintiff's motor vehicle; and

m) Failed to operate the vehicle with ordinary care under the circumstances.

44. On or about the time of the crash, there was in force in the State of Illinois at the time of the crash a certain statute 625 ILCS 5/12-610(b) which provides in pertinent part:

"A person may not operate a motor vehicle on a roadway while using an electronic communication device."

45. Defendant Proffer while in the course and scope of his employment with Defendant Gibbs Technology violated said statute when he used a cell phone while operating the Mercedes at the time of the crash.

46. On or about the time of the crash, there was in force in the State of Illinois at the time of the crash a certain statute 625 ILCS 5/11-709 which provides in pertinent part:

"Whenever any roadway has been divided into 2 or more clearly marked lanes for traffic the following rules in addition to all others consistent herewith shall apply. (a) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."

47. Defendant Proffer while in the course and scope of his employment with Defendant Gibbs Technology violated said statute when he allowed the Mercedes to leave his lane and enter Plaintiff's lane without looking to see if the lane change could have been made safely.

48. At the time of this crash, while in the course and scope of his employment with Defendant Gibbs Technology, Defendant Proffer, failed to be diligent at all times and failed to drive at such speed and control that would have allowed him to keep the motor vehicle he was operating from crashing into Plaintiffs' motor vehicle, causing Plaintiffs' injuries and damages as described herein.

9

49. Each negligent act or omission by Defendants each of them, as described in the above paragraphs and the below paragraphs, acting separately or in combination, was a direct and proximate cause of the crash in question and the resulting injuries and damages to Plaintiff as alleged herein.

50. As a direct and proximate result of the negligence and actions of Defendants, Plaintiff was seriously injured and damaged as described herein and have sustained damages, pain and suffering and will sustain damages, pain and suffering in the future.

51. Defendants knew or had information from which they, in the exercise of ordinary care, should have known that such conduct as described herein created a high degree of probability of injury and damage to Plaintiff.

WHEREFORE Plaintiff prays for judgment against the Defendants jointly and severally in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiff for injuries and damages together with the costs, interest, and for such other relief this Court deems just and proper under the circumstances.

## COUNT III
## NEGLIGENT HIRING, TRAINING, SUPERVISING & RETAINING AGAINST DEFENDANT GIBBS TECHNOLOGY COMPANY

COMES NOW Plaintiff, and for Count III of their Petition restates, realleges, and incorporates by reference all paragraphs above and in addition thereto states to the Court as follows:

52. Defendant Gibbs Technology owed the general public, including Plaintiff, a duty to properly, diligently and adequately screen potential drivers including Co-Defendant

Proffer in order to determine the qualifications of its agents, servants, and/or employees, and such duties include, but are not limited to:

    a.    Adequately evaluating applicants before hiring them as drivers, agents, servants, and employees;

    b.    Adequately training and supervising said agents, servants, and employees; and

    c.    Adequately evaluating the employees' job performance, job fitness, and driving record so as to discharge any unqualified, incompetent, or negligent employee before he injured a member of the public.

53. Defendant Gibbs Technology owed the general public, including Plaintiff, a duty to see, confirm and require that Co-Defendant Proffer's employment application was truthfully, accurately and fully completed.

54. Defendant Gibbs Technology breached its duty to the general public, including to Plaintiff, by their negligent, careless, and reckless hiring, training, supervising including lack thereof, and retaining Co-Defendant Proffer as its' agent, servant and/or employee, who was unqualified, incompetent, and/or negligent and careless at the time of this crash and during the time leading up to the motor vehicle crash alleged herein.

55. Defendant Gibbs Technology further breached its duty to the general public and to Plaintiff as it retained Defendant Proffer not withstanding his prior motor vehicle crashes, citations, traffic violations, convictions, incompetence, recklessness, habitual use of distracting electronic devices while driving, and/or complaints all of which Defendant Gibbs Technology knew or should have known of which indicated that Defendant Proffer was a danger to Plaintiff and others on the road.

56. Defendant Gibbs Technology further breached its duty to the general public and to Plaintiff as it failed to properly train their agents, servants and/or employees including Co-Defendant Proffer, in the proper operation as a driver necessary for the safe operation of motor vehicles, including said Mercedes Defendant Proffer was operating at the time of the motor vehicle crash alleged herein.

57. Each of the negligent acts or omissions by Defendant Gibbs Technology as alleged herein, acting either separately or in combination, was a direct and proximate cause of the motor vehicle crash in question and the resulting injuries and damages to Plaintiff.

58. The actions and omissions of Defendant Gibbs Technology relating to this crash, its hiring, training, supervising, and retention of Co-Defendant Proffer was negligent, willful, wanton, reckless, and intentional, and demonstrated a complete indifference and conscious disregard for the law and for the safety of human beings, including Plaintiff. Defendant Gibbs Technology's actions as alleged herein created a high degree of probability of injury.

WHEREFORE Plaintiff prays for judgment against the Defendants jointly and severally in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiff for injuries and damages, plus aggravated (punitive) damages together with the costs, interest, and for such other relief this Court deems just and proper under the circumstances.

Respectfully Submitted,

THE CAGLE LAW FIRM

***By: /s/ Andrew G. Mundwiller***
**Andrew G. Mundwiller, IL #6304943**
500 North Broadway, Suite 1605
Saint Louis, Missouri 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-Mail: andrew@caglellc.com
*Attorneys for Plaintiff*